IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NANCI A. CARNES,

              Plaintiff,           Civil No. 06-6215-TC

v.                                O R D E R

DOUGLAS COUNTY, et al.

              Defendants.

COFFIN, Magistrate Judge:

      This action arises out of the search of plaintiff's premises. Plaintiff contends that the search was based on a faulty search warrant and search warrant affidavit and did not constitute probable cause for the search of the premises. Presently before the court is defendants' motion (#25) for summary judgment.

## Standards

      Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. <u>Id.</u> at 32. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355 (1986); <u>Taylor v. List</u>, 880 F.2d 1040 (9th Cir. 1989).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be

2 - ORDER

resolved against the moving party. <u>Hector v. Wiens</u>, 533 F.2d 429, 432 (9th Cir. 1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Valadingham v. Bojorquez</u>, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. <u>Sankovich v. Insurance Co. of North America</u>, 638 F.2d 136, 140 (9th Cir. 1981).

### Discussion

The briefing and oral argument in this matter clearly indicate that defendants' motion is well taken and plaintiff's claims fail. Particularly persuasive is Defendants' Reply (#46), incorporated herein by this reference.

Plaintiff's counsel conceded at oral argument that there is nothing he can prove as to any County policy or custom or action that is deliberately indifferent to plaintiff's Constitutional rights. As such, plaintiff's claims against the County fail. Moreover, all of plaintiff's claims fail as the affidavit under both federal and state standards established probable cause for the valid search warrant at issue in this action.

3 - ORDER

## Conclusion

Defendants' motion (#25) for summary judgment is allowed and this action is dismissed.

DATED this __21__ day of February, 2008.

_____
THOMAS M. COFFIN
United States Magistrate Judge